# EMPLOYMENT AGREEMENT

This Employment Agreement (this "Agreement") is made effective as of December 22, 2009, by and between Gulfcoast Healthcare Systems, Inc ("GCHCS"), of 2718 Lee Blvd Ste B, Lehigh Acres, Florida, 33971 and Greg Bailey ("GB"), of ~~1713 S. W. Highway Suite~~ *7600 Chestnut Ln CT #5*, Naples, Florida, 34109.

A. GCHCS is engaged in the business of Urgent Care. GB will primarily perform the job duties at the following location: 2718 Lee Blvd Ste B, Lehigh Acres, Fl.

B. GCHCS desires to have the services of GB.

C. GB is willing to be employed by GCHCS.

Therefore, the parties agree as follows:

**1. EMPLOYMENT.** GCHCS shall employ GB as a(n) Physician Assistant. GB shall provide to GCHCS the following services: Physician assistant job duties per state staues. GB accepts and agrees to such employment, and agrees to be subject to the general supervision, advice and direction of GCHCS and GCHCS's supervisory personnel. GB shall also perform (i) such other duties as are customarily performed by an employee in a similar position, and (ii) such other and unrelated services and duties as may be assigned to GB from time to time by GCHCS.

**2. BEST EFFORTS OF EMPLOYEE.** GB agrees to perform faithfully, industriously, and to the best of GB's ability, experience, and talents, all of the duties that may be required by the express and implicit terms of this Agreement, to the reasonable satisfaction of GCHCS. Such duties shall be provided at such place(s) as the needs, business, or opportunities of GCHCS may require from time to time.

**3. COMPENSATION OF EMPLOYEE.** As compensation for the services provided by GB under this Agreement, GCHCS will pay GB $44.00 per hour. This amount shall be paid every two weeks, no later than 6 days after the payroll period that ended on the preceding Fridays. Upon termination of this Agreement, payments under this paragraph shall cease; provided, however, that GB shall be entitled to payments for periods or partial periods that occurred prior to the date of termination and for which GB has not yet been paid, and for any commission earned in accordance with GCHCS's customary procedures, if applicable. Accrued vacation will be paid in accordance with state law and GCHCS's customary procedures. This section of the Agreement is included only for accounting and payroll purposes and should not be construed as establishing a minimum or definite term of employment.

**4. EXPENSE REIMBURSEMENT.** GCHCS will reimburse GB for "out-of-pocket" expenses incurred by GB in accordance with GCHCS's policies in effect from time to time.

**5. RECOMMENDATIONS FOR IMPROVING OPERATIONS.** GB shall provide GCHCS with all information, suggestions, and recommendations regarding GCHCS's business, of which GB has knowledge, that will be of benefit to GCHCS.

**6. CONFIDENTIALITY.** GB recognizes that GCHCS has and will have information regarding the following:
- inventions
- products
- product design
- processes
- technical matters
- trade secrets
- copyrights
- customer lists
- prices
- costs
- discounts
- business affairs
- future plans

and other vital information items (collectively, "Information") which are valuable, special and unique assets of GCHCS. GB agrees that GB will not at any time or in any manner, either directly or indirectly, divulge, disclose, or communicate any Information to any third party without the prior written consent of GCHCS. GB will protect the Information and treat it as strictly confidential. A violation by GB of this paragraph shall be a material violation of this Agreement and will justify legal and/or equitable relief.

**7. UNAUTHORIZED DISCLOSURE OF INFORMATION.** If it appears that GB has disclosed (or has threatened to disclose) Information in violation of this Agreement, GCHCS shall be entitled to an injunction to restrain GB from disclosing, in whole or in part, such Information, or from providing any services to any party to whom such Information has been disclosed or may be disclosed. GCHCS shall not be prohibited by this provision from pursuing other remedies, including a claim for losses and damages.

**8. CONFIDENTIALITY AFTER TERMINATION OF EMPLOYMENT.** The confidentiality provisions of this Agreement shall remain in full force and effect for a two years period after the termination of GB's employment. During such two years period, neither party shall make or permit the making of any public announcement or statement of any kind that GB was formerly employed by or connected with GCHCS.

**9. NON-COMPETE AGREEMENT.** GB recognizes that the various items of Information are

special and unique assets of the company and need to be protected from improper disclosure. In consideration of the disclosure of the Information to GB, GB agrees and covenants that for a period of two years following the termination of this Agreement, whether such termination is voluntary or involuntary, GB will not directly or indirectly engage in any business competitive with GCHCS. This covenant shall apply to the geographical area that includes the area within a ten-mile radius of 2718 Lee Blvd Lehigh Acres, Fl 33971. Directly or indirectly engaging in any competitive business includes, but is not limited to: (i) engaging in a business as owner, partner, or agent, (ii) becoming an employee of any third party that is engaged in such business, (iii) becoming interested directly or indirectly in any such business, or (iv) soliciting any customer of GCHCS for the benefit of a third party that is engaged in such business. GB agrees that this non-compete provision will not adversely affect GB's livelihood.

**10. EMPLOYEE'S INABILITY TO CONTRACT FOR EMPLOYER.** GB shall not have the right to make any contracts or commitments for or on behalf of GCHCS without first obtaining the express written consent of GCHCS.

**11. VACATION.** GB shall be entitled to 80 Paid Time off hours per year of paid vacation for each completed year of employment. Such vacation must be taken at a time mutually convenient to GCHCS and GB, and must be approved by GCHCS. Requests for vacation shall be submitted to GB's immediate supervisor prior to December 31 of each year.

The provisions of this Vacation section are subject to change in accordance with GCHCS policies in effect from time to time.

**12. BENEFITS.** GB shall be entitled to the following benefits:
 - $750 continuing education reimbursement
as such benefits are provided in accordance with GCHCS policies in effect from time to time.

**13. TERM/TERMINATION.** GB's employment under this Agreement shall be for an unspecified term on an "at will" basis. This Agreement may be terminated by GCHCS upon Thirty days written notice, and by GB upon Thirty days written notice. If GB is in violation of this Agreement, GCHCS may terminate employment without notice and with compensation to GB only to the date of such termination. The compensation paid under this Agreement shall be GB's exclusive remedy.

**14. TERMINATION FOR DISABILITY.** GCHCS shall have the option to terminate this Agreement, if GB becomes permanently disabled and is no longer able to perform the essential functions of the position with reasonable accommodation. GCHCS shall exercise this option by giving ten days written notice to GB.

**15. COMPLIANCE WITH EMPLOYER'S RULES.** GB agrees to comply with all of the rules and regulations of GCHCS.

**16. RETURN OF PROPERTY.** Upon termination of this Agreement, GB shall deliver to GCHCS all property which is GCHCS's property or related to GCHCS's business (including keys, records, notes, data, memoranda, models, and equipment) that is in GB's possession or under GB's control. Such obligation shall be governed by any separate confidentiality or proprietary rights agreement signed by GB.

**17. NOTICES.** All notices required or permitted under this Agreement shall be in writing and shall be deemed delivered when delivered in person or on the third day after being deposited in the United States mail, postage paid, addressed as follows:

Employer:

Gulfcoast Healthcare Systems, Inc
Mickey Jones
CEO
2718 Lee Blvd Ste B
Lehigh Acres, Florida 33971

Employee:

Greg Bailey
~~1713 S.W. Highway Suite~~ 760 Clarken Row CT #5
Naples, Florida 34109

Such addresses may be changed from time to time by either party by providing written notice in the manner set forth above.

**18. ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties and there are no other promises or conditions in any other agreement whether oral or written. This Agreement supersedes any prior written or oral agreements between the parties.

**19. AMENDMENT.** This Agreement may be modified or amended, if the amendment is made in writing and is signed by both parties.

**20. SEVERABILITY.** If any provisions of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**21. WAIVER OF CONTRACTUAL RIGHT.** The failure of either party to enforce any

provision of this Agreement shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement.

**22. APPLICABLE LAW.** This Agreement shall be governed by the laws of the State of Florida.

**EMPLOYER:**
Gulfcoast Healthcare Systems, Inc

By: _____  Date: 12/22/09
Mickey Jones
CEO

**AGREED TO AND ACCEPTED.**

**EMPLOYEE:**

_____  Date: 12/26/09
Greg Bailey